IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ROBERT MENDENHALL,

        Plaintiff,        Civil No. 08-912-AA

        v.        ORDER

MAX WILLIAMS, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate at the Oregon State Penitentiary, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights by discontinuing an anti-psychotic medication and failing to treat his mental health needs. Plaintiff also may be attempting to allege that the conditions of of the OSP Intensive Management Unit are unconstitutional.

    Defendants filed a motion for summary judgment (#20) that was taken under advisement by the court on March 16, 2009. Plaintiff did not file a response to defendants' motion and by

1 - ORDER

Order (#23) entered April 7, 2009, plaintiff was allowed 21 days to show cause why defendants' unopposed motion should not be allowed. Plaintiff did not file a response.

Defendants' un-controverted Concise Statement of Facts (#21) and exhibits establish that plaintiff has been on a variety of anti-psychotic, anti-depressant, and other medications throughout his incarceration.

On September 10, 1007, plaintiff was admitted to the Mental Health Infirmary after complaining of suicidal ideation and hallucinations. Plaintiff was evaluated by Dr. Ruthven who determined that plaintiff's pattern of behavior was consistent with behaviors commonly seen in individuals which are generally designed to elicit a response from others as opposed to serious attempts at committing suicide. Plaintiff's neropsychological testing score indicated malingering (deliberate faking of symptoms). He exhibited none of the characteristics commonly seen in psychotically mentally ill patients.

While staying in the MHI, plaintiff took medication for anxiety and to help him sleep. After plaintiff indicated that Seroquel was not helping him Dr. Ruthven determined that he had no need for it on September 14, 2007. The medication carries a risk of metabolic disruption and is also highly sought after by other inmates for its sedative properties. Inmates who are prescribed the medication are often pressured for it by other predatory inmates. Patients do not develop a

2 - ORDER

tolerance for or dependance on Seroquel, and titration (slowly reducing the dosage) is not necessary.  See, Affidavit of Dr. Daryl Ruthven (#22).

During plaintiff's stay in MHI he showed no signs of psychosis, thought disorder, hallucinations, or any other mental disorder. Plaintiff did suffer from anxiety attacks, but took Clonazepan to control them.  Plaintiff was discharged from MHI after one month but has continued to be seen by Mental Health staff providers as well as Dr. Ruthven.

In order to prevail on  a  42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs."  Estell v. Gamble, 429 U.S. 97, 104 (1976); Hudson v. McMillian, 503 U.S. 1 (1992); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1.) the seriousness of the prisoner's medical needs, and 2.) the nature of the defendants response.  See, McGuckin v. Smith, 794 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)).

To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need."  McGuckin v. Smith, supra at 1060. The deliberate indifference standard is functionally

3 - ORDER

equivalent to criminal recklessness. Farmer, supra, 511 U.S. 839-40.

Medical malpractice, even gross malpractice, does not amount to a violation of the Eight Amendment. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. See, eg., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970); McKinney v. People of the State of California, 427 F.2d 160 (9th Cir. 1970) (per curiam) and the cases collected in the Annotation, Relief Under Federal Civil Rights Act to State Prisoner Complaining of Denial of Medical Care, 28 A.L.R. Fed. 179, 366-379 (1976).

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1985); Sanchez v Vild, 891 F.2d 240, 242 (9th Cir. 1989).

The requirements for mental health care are the same as those for physical health care needs. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

4 - ORDER

Plaintiff has not established either prong of the deliberate indifference standard articulated in MuGuckin v. Smith, supra.

Wirth respect to the first requirement, plaintiff has not demonstrated that he had a serious medical need. As noted above, after extensive neurological testing, it was determined that plaintiff's suicidal ideation were not genuine symptoms. Even so, he was consistently seen and evaluated by mental health staff and spent a month in the MHI. Thus defendants did not ignore and responded appropriately to plaintiff's complaints.

The crux of plaintiff's complaint seems to be that Dr. Ruthven discontinued his Seroquel medication "cold turkey." However, the record reflects that plaintiff concurred in the decision to discontinue. Moreover, the record reflects that there is no medical reason to tirate a person of a neroleptic such as Seroquel.

Although plaintiff may disagree with Dr. Ruthven's decision's regarding his medication, a difference of opinion between plaintiff and his physician does not rise to the level of a constitutional violation. Toguchi, supra.

To the extent that plaintiff is attempting to state a claim that the conditions of the IMU violate the Eighth Amendment, he has not plead facts that would establish that he has been denied the "minimal civilized measures of life's necessities." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The

5 - ORDER

conditions of the IMU at OSP have previously been held not to violate the Eighth Amendment. <u>See</u>, <u>Rincker v. Oregon Department of Corrections, et al.</u>, 2007 U.S. Dist. LEXIS 43216 (D. Or. 2007), aff'd 2008 U.S. App. LEXIS 26546 (9th Cir. Or. Nov 26, 2008).

Based on all of the foregoing, I find that defendants did not demonstrate deliberate indifference to plaintiff's serious medical needs or otherwise violate plaintiff's Eighth Amendment rights. There are no genuine issues of material fact remaining in this case and defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#20) is allowed. This action is dismissed.

IT IS SO ORDERED

DATED this   16   day of June, 2009.

                           /s/ Ann Aiken
                           Ann Aiken
                           United State District Judge